PER CURIAM.
The appellant, Garland Ray Maples, who was tried together with Robert Preston Swyers before a jury, was convicted of involuntary sexual battery, with sentence of imprisonment for forty years, false imprisonment and kidnapping, with sentence of imprisonment for fifteen years and possession of a firearm while committing a criminal offense, with a sentence of five years, with provision for the sentences to be served concurrently.
The appellant contends he was exposed to double jeopardy, when later tried after the court had granted a mistrial for which the defendant had moved early in the first trial.
When the defendants moved for mistrial on the ground that certain preliminary instructions he had given to the jury were erroneous and prejudicial, the judge announced that the motion would be granted. Thereafter this appellant sought to withdraw his motion for mistrial. The other defendant did not. The judge adhered to the ruling, stating in the record that he had ruled and granted the mistrial on defendant’s motion before the attempt to withdraw the motion. Thereafter the trial was had before another jury, with no prior motion by this appellant for discharge based on a claim of double jeopardy. In the circumstances presented, we *284 hold that appellant’s contention of double jeopardy is without merit.
No harmful error resulted from the prosecution asking a doctor-witness if he believed the history given to him by the victim when he examined her was not true, where the court sustained defendant’s objection thereto, and the question was re-framed by asking the doctor whether in his examination of the victim he found anything in the history given by her was inconsistent.
No reversible error having been made to appear, the judgment and sentences are affirmed.